UNITED STATES COURT OF APPEALS     April 3, 2015

TENTH CIRCUIT

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

STYLIOS ALTON TRACHANAS,

        Defendant - Appellant.

No. 14-1439
(D.C. Nos. 1:13-CV-02980-RBJ and
1:11-CR-00445-RBJ-1)
(D. Colo.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **GORSUCH**, **MURPHY,** and **HOLMES**, Circuit Judges.


This matter is before the court on Stylios Trachanas's Application for

Certificate of Appealability and Combined Opening Brief. Trachanas seeks a

certificate of appealability ("COA") so he can appeal the district court's denial of

his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B) (providing that

unless a movant obtains a COA "an appeal may not be taken to the court of

appeals from[] the final order in a proceeding under section 2255"). Because he

has not "made a substantial showing of the denial of a constitutional right," *id.*

§ 2253(c)(2), this court **denies** Trachanas's request for a COA and **dismisses** this

appeal.

Trachanas pleaded guilty to three federal crimes: (1) possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1), 924; (2) possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and (3) possession of a firearm that is not registered in the National Firearms Registration and Transfer Act, 26 U.S.C. §§ 5841, 5861(d), 5871.  The district court sentenced Trachanas to serve a term of 110 months' imprisonment as to each count, with the sentences ordered to run concurrently.  Trachanas filed a direct appeal to this court, but voluntarily dismissed that appeal before filing his opening brief.  *United States v. Trachanas*, No. 12-1278 (10th Cir. Jan. 14, 2013).  Trachanas then filed the instant § 2255 motion in district court raising numerous claims of ineffective assistance of counsel.

The district court set the § 2255 motion for an evidentiary hearing and appointed counsel to represent Trachanas.  Some three weeks before the scheduled hearing, Trachanas sent the district court an ex parte letter indicating a conflict had arisen between him and appointed counsel.  The district court entered a minute order informing Trachanas he could discharge appointed counsel if he so chose, but that "in the context and history of the case and [Trachanas's] disagreement with the manner in which a succession of lawyers have represented him, the Court declines to appoint another lawyer to represent him in this matter."  Trachanas terminated appointed counsel on the same day he received the district

court's minute order. Trachanas then sought clarification as to whether the district court would appoint a new attorney to serve as standby or co-counsel. The district court again indicated it would not appoint any type of replacement counsel.

Between his termination of appointed counsel and the date of the scheduled hearing, Trachanas filed several motions; he did not, however, file any applications for subpoenas. For that reason, none of his witnesses appeared for the evidentiary hearing and his claims of ineffective assistance of counsel were completely lacking in evidentiary support. Given his history of proceeding pro se, familiarity with subpoena applications, and lack of any reasonable excuse for failing to assure his witnesses would attend the evidentiary hearing, the district court denied Trachanas's request for a continuance. Given the lack of evidence, the district court denied Trachanas's § 2255 motion on the merits.

The granting of a COA is a jurisdictional prerequisite to Trachanas's appeal from the denial of his § 2255 motion. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). In evaluating

whether Trachanas has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although he need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Trachanas's appellate filings, the district court's orders, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Trachanas is not entitled to a COA. Under the narrow facts of this case, particularly Trachanas's lengthy history of failing to work constructively with appointed counsel and his history and familiarity with proceeding pro se, the district court did not err in refusing to appoint another attorney to represent Trachanas or in refusing to excuse Trachanas's failure to make sure he had evidence to submit at the hearing on his § 2255 motion. That being the case, there is no doubt as to the correctness of the district court's merits resolution of Trachanas's § 2255 motion at the hearing on July 22, 2014 (the transcript of which is set out in the supplemental record filed in this court on November 21, 2014). Accordingly, this court **DENIES**

Trachanas's request for a COA and **DISMISSES** this appeal.  Trachanas's request

to proceed on appeal in forma pauperis is **GRANTED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge